



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br>       vs.<br><br>Carlos Likee **RAINEY**,<br>Shannon Dawn **RAINEY**,<br>D'Andre **TOLBERT**,<br>Damon **STEVENS**,<br>Richard James **McKINNON**,<br>Joshua Price **PLUID**,<br>Krista Ann **CALLAN**,<br>Alexander **BOOKER**,<br>Alfredo **MARTINEZ**,<br>Francisco **MARTINEZ**,<br>Isai **HERNANDEZ**,<br><br>                    Defendants. | A05-108 CR (JWS)<br><br>**ORDER REGARDING**<br><br>**PREPARATION of a SCHEDULING and PLANNING ORDER** |

   The above criminal case charging eleven defendants with conspiracy involving cocaine and methamphetamine trafficking has been declared complex[1] by the trial judge.[2] Of the remaining ten defendants eight are represented by court-appointed counsel and two defendants have retained their own counsel. Before

---

[1] *See* Docket No. 130.

[2] Defendant No. 10 remains at large.

135

entering a scheduling and planning order the court requests all defendants and the government to respond to this order addressing the conduct of pretrial motion practice and related case management matters as set forth below. The court understands that the government has already provided to the defense voluntarily much of its pretrial discovery relevant to this case. The parties should be actively reviewing the documents which have already been made available and as they become available to the defense counsel from the government. There is a need for a detailed formalized CJA Plan for this case. A protocol for the management of the receipt, review and distribution of discovery materials will be needed. In this regard all defense counsel including those retained by defendants need to be involved so as to facilitate the availability of discovery materials to all defense counsel.

## CJA ATTORNEYS

In order to facilitate the efficient and speedy pretrial preparation for this case those attorneys appointed under the Criminal Justice Act should confer no later than January 9, 2006, to discuss and reach a consensus, if they can, as to which CJA attorney will undertake the role of lead attorney. The identity of such attorney should be provided in the report filed in response to this order by or on behalf of the CJA attorneys.

CJA counsel should address the following topics individually or through lead defense counsel:

1. Interim payment of CJA attorney's fees. The court suggests that any plan for any interim payments of CJA attorney's fees provide for the submission of vouchers for compensation earned and reimbursable expenses incurred for the proceeding ninety (90) days and be filed no later than the tenth (10th) of the month following the time interval addressed.

2. The willingness of defense counsel to act jointly to utilize centralize vendors and providers, omnibus court procedures and forms, and uniform plan for processing payments (CJA-21s). The Courts suggests interim payments of CJA 21 vender services every 30 to 45 days.

3. An assessment of the amount of discovery defense counsel anticipate reviewing and any problems foreseen in the acquisition of the discovery from the government.

4. The need for any administrative case paralegal and discovery coordinator appointed under the CJA to physically handle the amount of paperwork and tapes/CDs involved in this case.

5. The utilization of a jointly used investigator or expert to avoid duplication.

6. Identify any problem involving transcripts of audio cassettes or CDs, including body wires and telephone tape recordings that may be addressed in a discovery plan.

7. Identify any problem of duplicating or distributing the government's discovery to all attorneys in the most expeditious and cost effective means.

8. The utilization of computer technology where feasible to address the task of distribution and evaluation of a large volume of data.

9. Cost efficient travel. Counsel should ascertain the dates of proposed travel well in advance to obtain the best fare possible. Travel to and from Alaska is costly when relying only on government rates. The fees charged for a change of travel date is generally much less than paying the full government rates.

### ALL DEFENSE COUNSEL and THE GOVERNMENT

1. Counsel should prepare a service list indicating the manner of serving each counsel of record in this case. Where appropriate the e-mail address or fax number for counsel should be stated. As of January 6, 2006 all counsel will have to file electronically which should automatically alert all parties, except those motions filed under seal. The parties are required to serve all other parties of record in this case except when filing ex parte pleadings. Every ex parte pleading must state on the first page below the title of the document that it is being submitted ex parte.

2. A proposed calendar for motion practice. It is suggested that counsel, after conferring, suggest in their report a time table for phased motion

practice reserving enough time for the general preparation of the case for trial. For example, the court may impose a separate filing date for motion practice based upon the class of motions such as: (a) multiplicity or duplicity and defect contentions with respect to the indictment; (b) motions for bills of particular; (c) discovery motions; (d) motions to suppress statements; (e) motions to suppress evidence of searches or arrests; (f) motions for disclosure of confidential informants; (g) motions to sever counts or parties; (h) wire tap motions regarding ceiling and minimization, and wire tap motions regarding necessity requirements; (i) motions in limine; and (j) Rule 702 motions.

      3.      The desirability of utilizing an index listing all documents by bate number.

      4.      The need for any interpreter or translator for discovery.

      5.      A time limit for the parties to locate any expert witnesses they intend to rely upon at trial and a time frame to be established by the court for written summaries of testimony from those intended to serve as expert witnesses.

      6.      A plan for addressing the payment of fees for copying discovery materials required by the U.S. Attorney before handing over materials. The court suggests the government bill monthly when court-appointed counsel are involved (via the CJA Administrator) with specific accounting relating to case number and individual defendant involved. Processing piece meal checks in small amounts is

not cost effective given the fact that there is only "one" CJA clerk responsible for processing and cutting these checks.

7. The use of a repository for discovery produced by the government.

8. Whether or not all defendants should be tried in a single jury trial or in two trials in multiples of five or six defendants.

After receipt of the parties' report as solicited by this order the magistrate judge shall as soon as practicable enter a discovery order for this case. Once a calendar is developed for this case, the court expects that counsel will strictly adhere to the time line which has been developed for motion practice. Once this planning process is completed, the Court will not alter the calendar specified except for the most compelling of reasons. Defense counsel shall confer and as necessary include government counsel in the planning discussions for the purposes of developing a plan to accommodate the pretrial preparation of this case for all parties.

On or before January 9, 2006 a response to this order shall be filed by each party, except defendants may respond collectively through lead defense counsel where appropriate.

DATED this 23rd day of December, 2005, at Anchorage, Alaska.



A05-0108--CR (JWS)
--------------------
✓W. CAREY
✓D. DATTAN (DATTAN)
✓T. WONNELL (WONNELL)
✓M. ROSENBAUM
✓M. DIENI (FPD)
✓S. STERLING (STERLING)
✓L. WELLS
✓J. PHARR

✓A. BEISWENGER
✓R. OFFRET (AGLIETTI)
✓R. MENDEZ
✓S. COLLINS (US ATTY)
✓JUDGE SEDWICK

bm 12-23-05

JOHN D. ROBERTS
United States Magistrate Judge