DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-cr-108-1 (JWS) |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| v. ) | |
| CARLOS LIKEE RAINEY, ) | |
| Defendant. ) | |

## I. Introduction

A. Unless the parties subsequently inform the district court in writing of any additional agreements, this document contains the complete plea agreement

between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B. Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1) (A) and (B) will control his plea agreement. This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the district court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Indictment as they relate to the defendant, or the United States Attorney in the District of Alaska prosecutes additional charges arising from the investigation that resulted in the charges filed against the defendant. This also means that the defendant may not withdraw from this agreement or the guilty plea(s) if the district court does not follow the parties's sentencing recommendations.

C. Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

A.    I, Carlos Likee Rainey, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement.

I agree the following obligations are material to this agreement.  I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I  breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter.  If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

B.    **Charge(s) to which the defendant is pleading guilty**

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges

me with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). I also agree to enter guilty pleas to Counts 12, 13, 20, and 22 of the Indictment, which charge me with committing money laundering, in violation of 18 U.S.C. § 1956.

C. **Statutory Maximum Sentence**

I understand the statutory maximum sentence for Count 1, which charges me with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), include the following for the facts upon which my plea will be entered: 1) Life imprisonment, with a mandatory minimum sentence of 10 years imprisonment; 2) a $4 million fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum five-year term of supervised release, with a maximum of life. I understand the statutory maximum sentence for Counts 12, 13, 20, and 22, which charge me with money laundering, in violation of 18 U.S.C. § 1956, include the following for the facts upon which my plea will be entered: 1) 20 years imprisonment;2) a $500,000 fine; 3) a $100 mandatory special assessment, and 4) up to a five-year term of supervised release. I understand the following may

also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

D. **Application of the United States Sentencing Guidelines**

I understand the district court must consult the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in

my case. I understand the U.S.S.G. do not establish the statutory maximum sentence applicable to the offenses to which I am pleading guilty. I also understand that while the U.S.S.G. are not mandatory and that the district court is not bound to impose a sentence recommended by the U.S.S.G., the district court may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for my case. This summary does no include all possible aggravating or mitigating adjustments available under the U.S.S.G. nor does it take into account the sentencing factors set forth in 18 U.S.C. 3553(a). This summary binds neither the district court, me, nor the United States.. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level. I understand the district court has the discretion to ultimately impose a sentence that is higher than or lower than the range contained in the summary. I understand and agree

the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court.

***SUMMARY:***

***NON BINDING ESTIMATED BASE OFFENSE LEVEL .... 38***

***ACCEPTANCE OF RESPONSIBILITY .................. -3***

***NON BINDING ESTIMATED TOTAL .................... 35***

***NON BINDING ESTIMATED CRIMINAL HISTORY ....... VI***

***NON BINDING ESTIMATED***
***SENTENCING RANGE ................ 120*/292-365 months***
**** The statutory mandatory minimum sentence based on the facts defendant is admitting is 120 months.***
***SUPERVISED RELEASE RANGE .......... min. 5 years - Life***

***FINE RANGE ......................... $17,500 - $175,000***

**E. Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps,

and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

**F. Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s). The district court will further advise me of the necessary elements.

I understand that in order to sustain a conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

First, there was an agreement between two or more persons to possess with intent to distribute and to distribute controlled substances;

Second, I became a member of this agreement knowing that the objects of the conspiracy were to possess with intent to distribute 50 or more grams of actual methamphetamine and 5 kilograms or more of cocaine, and that I joined with the intent to help accomplish these objectives.

I understand the phrase "possess with intent to distribute" means to

possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

I understand that in order to sustain a conviction for money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), 1956(a)(1)(B)(ii), the United States would have to prove beyond a reasonable doubt the following elements:

First, I knowingly conducted or attempted to conduct or aided and abetted the conducting of a financial transaction affecting interstate commerce;

Second, the financial transaction involved the proceeds of a specified unlawful activity;

Third, I knew that the funds represented the proceeds of some form of unlawful activity;

Fourth, I knew that the transaction was designed in whole or in part either to a) promote the carrying on of the specified unlawful activity, **or**

b) conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, **or**

c) avoid a financial reporting requirement under state or federal law.

It does not matter whether I knew that the unlawful activity was in fact drug trafficking as charged in the indictment. It is sufficient that I knew that it was some kind of unlawful activity.

G. **Factual basis for the plea(s)**

I admit that the allegations against me in Counts 1, 12, 13, 20, and 22 of the Indictment are true and stipulate the following minimum factual basis for my plea(s) is true and supports my guilty plea(s) in this case:

Sometime between April, 2003, and November 15, 2005, I, Carlos Likee Rainey, a/k/a Carlos Likee Dishon Johnson-Rainey, "C", and "CJ," the defendant, became a member of an agreement with at least two other individuals named in the Indictment in this case. I and my co-conspirators had agreed to distribute and to possess with intent to distribute at least five kilograms or more of cocaine and at least 500 grams or more of methamphetamine that contained at least 50 grams of actual methamphetamine. I joined this agreement knowing that this group would be distributing cocaine and methamphetamine in Alaska, Washington, and California and I joined with the intent to help accomplish these goals. During the time I was a member of this agreement, I and other members of

this agreement organized and distributed in Alaska more than five kilograms of cocaine and more than 500 grams of methamphetamine that contained at least 50 grams of actual methamphetamine.

While I was a member of this drug trafficking group, on April 23, May, 28, and September 30, 2003, I participated in the interstate wire transfer between Alaska and Washington of $2,000.00; $1,800.00;and $1401.00 respectively.  I knew this money represented the proceeds of the group's drug trafficking activities in Alaska.  Between October 5 and 6, 2005, I,  D'Andre Tolbert, Damon Stevens, Isai Hernandez, and others participated in sending a  package via FedEx from Alaska to Washington that contained approximately $67,000 in United States currency.  The U.S. currency were the proceeds obtained from distributing cocaine in Alaska.  All of these financial transactions were conducted in order to conceal and disguise the nature, location, source, ownership and control of these drug trafficking proceeds and to promote the group's drug trafficking in Alaska.

H. **Waiver of trial, appellate, and collateral attack rights**

I understand I have the following rights:

--      The right to have the charges against me presented to the

grand jury prior to entering my plea of guilty;

--   The right to plead not guilty or to persist in that plea if it has
     already been made;

--   The right to a speedy and public trial by jury on the factual
     issues establishing my guilt or my sentence, and any issue
     affecting my interest in any forfeitable assets;

--   The right to object to the composition of the grand or petit
     jury;

--   The right to be presumed innocent and not to suffer any
     criminal penalty unless and until my guilt is established
     beyond a reasonable doubt;

--   The right to be represented by a lawyer at trial and if necessary
     to have a lawyer appointed to represent me at trial -- I
     understand I am not waiving my right to have counsel
     continue to represent me during the sentencing phase of my
     case;

--   The right to confront and cross examine witnesses against me,

and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person;

By pleading guilty, I understand and agree I am not only waiving all of these applicable rights but also my right to appeal my conviction(s). Additionally, if the district court imposes a sentence that does not exceed the statutory maximum sentence – as set forth in section II C above in this agreement – I understand and agree that I am waiving without exception my right to appeal all rights contained in 18 U.S.C. § 3742 to appeal the sentence the district court imposes upon me – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the district court imposes. The only

exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

I. **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised

to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

III. **What the United States agrees to do**

A. In exchange for the defendant's plea(s) of guilty to Counts 1, 12, 13, 20, and 22, the United States agrees to dismiss the remaining counts of the Indictment, as they relate to the defendant. The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as

well as for perjury and false statements.

B. If the defendant is completely candid and truthful with both the district court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C. The United States will recommend a sentence based on the U.S.S.G. and will recommend the district court impose a sentence at the low end of the total adjusted offense level the district court determines is appropriate for the defendant at the time imposition of sentence occurs, if the defendant abides by the terms of this agreement.

**IV. Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is

appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

**V. The defendant's acceptance of the terms of this plea agreement**

By my signature below, I, Carlos Likee Rainey, affirm this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the

district court.

I understand the district court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 1, 12, 13, 20, and 22.

DATED: 5-20-06

CARLOS LIKEE RAINEY
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses,

and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 5/20/06

WILLIAM B. CAREY
Attorney for Carlos Likee Rainey

On behalf of the United States, the following accept CARLOS LIKEE RAINEY's offer to plead guilty under the terms of this plea agreement.

DATED: 05/24/06

STEPHAN A. COLLINS
Assistant U.S. Attorney

DATED: 5/31/06

DEBORAH M. SMITH
United States Attorney