WILLIAM B. CAREY, 8212160
Attorney for Defendant
CARLOS L. RAINEY
1502 West 34th Avenue
Anchorage, Alaska  99503

Telephone:    (907) 272-4255
Facsimile:    (907) 272-4256

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. A05-108 (JWS) |
| | ) | |
| CARLOS L. RAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, CARLOS L. RAINEY, through counsel, WILLIAM B. CAREY, submits his sentencing memorandum and factors for the Court's consideration in determining the sentence.

Mr. RAINEY has entered into a plea agreement with the government by which he pled guilty to Count 1 of the indictment in this matter, charging Mr. RAINEY with Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Methamphetamine, in violation of 21 U.S.C.§§ 846 and 841(b)(1)(a). The quantities involved were 5 kilograms or more or cocaine and 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine (50 grams or more of actual amphetamine).  A minimum term of imprisonment of 10 years is statutorily mandated.

Mr. RAINEY also pled guilty to Counts 12, 13 , 20 and 22, charging money laundering in violation of 18 U.S.C. § 1956.

Mr. RAINEY's timely plea in this matter and his willingness to cooperate with the governments expressed in no uncertain terms through counsel to the government since early in these proceedings should result in a three level adjustment for acceptance of responsibility.  The Addendum to the plea agreement in this matter spells out Mr. RAINEY's desire and intention to be fully debriefed and provide the government with true and accurate information regarding this offense and possibly others, as well.  As of this date, one week prior to sentencing, Mr. RAINEY has not been debriefed.

Mr. RAINEY's efforts to provide assistance to the government and to be debriefed in this matter are set out in the accompanying Affidavit of Counsel (filed under seal).  Given the relationship between Mr. RAINEY and at least one other co-defendant (already sentenced) detailed in the written reports and tapes provided as discovery in this matter, it is should have been clear that Mr. RAINEY may have had specific information which could have impacted this previous sentencing.

A significant inducement in reaching a plea agreement in this matter was the Addendum to the plea agreement, which clearly contemplated a full debriefing of Mr. RAINEY and the possibility of a 5K1.1 departure of up to one half of the low end of the otherwise applicable adjusted guideline range in this case. Having offered this inducement and received the benefit of the defendant's plea, the government has seemingly disregarded the benefit that both parties might likely have received from Mr. Rainey's cooperation. It is Mr. Rainey's position and firm belief that information

he would have willingly provided to the government with respect to one recent sentencing may well have produced a different result in that instance and, correspondingly, may have provided the basis for a 5K1.1 motion on his own behalf.

It is the position of the defendant that the government's failure to even offer the defendant the opportunity to provide assistance violates the plea agreement in this case. A plea agreement is a contract, and the government must comply with the terms of the agreement. *United States v. Quach*, 302 F.3d 1096, 1100 (9th Cir. 2002), citing *United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir. 1999). Ambiguities in plea agreements are to be construed in favor of the defendant. *United States v. Camarillo-Tello*, 236 F.3d 1024, 1026 (9th Cir. 2001). Part of the attraction and inducement to Mr. Rainey to enter into this agreement (including the addendum regarding substantial assistance), was the opportunity to help himself avoid the lengthy sentence recommended by the probation officer in this matter (the government's position at the time of the preparation of this Memorandum not having been received by counsel for Mr. Rainey). The Addendum does not specifically require the government to bring Mr. Rainey to be debriefed, but any reasonable reading of the Agreement as a whole, as well as its implied terms of good faith and fair dealing would assume that the opportunity would be given. This would also comport with local practice, at least as far as counsel for this defendant's experience is concerned.

The question thus arises as to what remedy for this situation exists. The answer would appear to be either a continuance or some consideration by the court of this set of circumstances under 18 U.S.C. Sec. 3553(a). The defendant is concerned that a continuance would result in a perfunctory debriefing by an indifferent

government completely disinclined at this point to use the offered information for any effective purpose. This despite the facts that there remains at large one of the indicted coconspirators in this case and at least one other who likely has already benefited, to a remarkable degree, by the government's failure to follow up on Mr. Rainey's longstanding offer of cooperation.

On the other hand, the guidelines have been rendered advisory only in the recent decision in *United States v. Booker,* 125 S.Ct. 738 (2005). This court now has the discretion to sentence below the guideline range if the court finds mitigating factors that warrant a downward departure. The guidelines are now but one factor for the court to consider, along with the statutory directives of Sec. 3553(a). Among those are: (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar offenses. Additionally, the court must impose a sentence that is sufficient, *but not greater than necessary* (emphasis added) to comply with the statute's purposes. In the present case, the *source* of the methamphetamine supplied to this conspiracy has received a sentence less than one-twentieth of that proposed for Mr. Rainey. Within the last few days the newspapers have trumpeted the great triumph of the government in obtaining 30 year sentences in Miami for the *leaders of the Cali Cartel*, the importers of a huge proportion of the cocaine brought into the United States over many years.

Among the considerations for the court in sentencing is that set out in Sec, 3553 (a)(2)(D), the need "to provide the defendant with needed educational and vocational training…in the most effective manner." It is believed that Mr. Rainey will himself address the court with respect to his future vocational aspirations, to which he

has given a great deal of thought. The court's sentence in this matter should afford this defendant, still only 31 years of age, the opportunity to act on these aspirations and hopes for his future and that of his family.

From the beginning of this case the government has characterized this group as the "Rainey" organization, leading to the assessment that Mr. Rainey deserves a four level enhancement as the "leader" of the group. This is in spite of the fact that individuals such as Pluid and McKinnon were clearly acting on their own and directing others in furtherance of the supposed aims of the group (or themselves). Additionally, there were other individuals who supplied the group with the contraband and who ultimately received substantial pecuniary benefit therefrom. Conspirator and fugitive Francisco Martinez was not called "Money" for nothing. These were the higher ups in this organization who were the true leaders. Mr. Rainey did have a supervisory role, it is true, but any enhancement in this case should only be three levels.

Mr. Rainey submits that his criminal history is overrepresented and is more properly set at II. Five of the points assessed against Mr. Rainey are more than ten years old and occurred when he was a teenager. His most serious prior offense, an assault resulting in the assessment of three points, took place when he was 21. His one prior drug offense was a marijuana misdemeanor for which he received a sentence of one day in jail.  Several of the assessed points involve driving offenses and, in all, there is an overrepresentation of Mr. Rainey's criminal history in the presentence report.

Carlos Rainey is a young man who found himself struggling to make ends

Sentencing Memorandum
USA v CARLOS L. RAINEY
A05-108 CR (JWS)
Page 5

meet for his family and made a series of poor decisions concerning how to deal with the situation. He has likewise made very poor decisions while under the influence of alcohol, something that has been a problem in his life for some time. He was actually brought into this situation by others with whom he had family relations, including Damon Stevens and Alexander Booker. While there is no doubt about Mr. Rainey's extensive culpability in this case, he is not the mastermind and evildoer that he has been played up to be by the government. He is a man with a family that he loves and that he would willingly have sacrificed himself for if there had been any way to protect his wife from prosecution in this matter. He has attempted to assist the government, signed an agreement to do so and since then has been rebuffed for unfathomable reasons despite numerous requests to be able to comply; much, we would submit, to the detriment of the government's own efforts to see justice done in this case.

In conclusion, therefore , the defendant recommends setting the offense level at 38 (with offsetting three level adjustments for acceptance of responsibility and role in the offense) and a criminal history category of II. Under the circumstances set forth herein, Mr. Rainey should receive a downward departure giving him the full benefit of his anticipated bargain with the government amounting to one-half of the lower end of the guideline sentence (262 months), for a sentence of 131 months, with a recommendation that if requested at sentencing, Mr. Rainey be permitted to undergo a 500 hour drug rehabilitation program while in federal custody.

Such a sentence would be in accord with the guidelines and would also satisfy the considerations set out in 18 U.S.C. § 3553(a).

This Memorandum is supported by the accompanying affidavit of counsel

(filed under seal).

Respectfully submitted at Anchorage, Alaska this __ day of September, 2006.

WILLIAM B. CAREY
Attorney for the Defendant
CARLOS L. RAINEY


/s/ William B. Carey

William B. Carey
Alaska Bar No. 8212160
Telephone:    (907) 272-4255
Facsimile:    (907) 272-4256
e-mail: bcarey@alaska.com


I hereby certify that on this 29th day of September, 2006, a copy of the forgoing Sentencing Memorandum was electronically served on the following:

Stephan Collins, AUSA
Pamela Shaw, Federal Probation Officer