WILLIAM B. CAREY, 8212160
Attorney for Defendant
CARLOS L. RAINEY
1502 West 34th Avenue
Anchorage, Alaska  99503

Telephone:   (907) 272-4255
Facsimile:   (907) 272-4256

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.           ) | Case No. A05-108 (JWS) |
| ) | |
| CARLOS L. RAINEY,           ) | |
| ) | |
| Defendant.           ) | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

This memorandum is submitted in anticipation of sentencing in this matter on Thursday, November 9, 2006 before the Honorable John W. Sedwick, United States District Court Judge.  At this point in these proceedings, most of Mr. RAINEY's co-defendants have been sentenced.  None of the sentences for any of the co-conspirators in this case, *including the suppliers of drugs to the conspiracy*, approach that proposed by the probation officer and Government for Mr. RAINEY.  In the case of the principal supplier of methamphetamine to this conspiracy, Alfredo Martinez, a sentence of 16 months has been imposed.  In the pre-sentence report, Mr. RAINEY has been assessed to be responsible for 435.5 grams of actual methamphetamine (equal, under U.S.S.G. 2D1.1, commentary (n.10.) to 8,710 kilograms of marijuana), which comprises the vast bulk of the drug quantity involved in setting a base offense

level in Mr. RAINEY's case. As Mr. RAINEY has explained to the Government in his long-delayed debriefing (hurriedly put together after the submission of the Defendant's initial Sentencing Memorandum), Alfredo Martinez was the source for most if not all of this methamphetamine. Mr. RAINEY explained how co-conspirator Pluid himself made trips to the Los Angeles area to procure methamphetamine from Mr. Martinez.

Isai Hernandez, the source for much of the cocaine involved in this conspiracy likewise has received a sentence disproportionate to that sought for Mr. RAINEY. The same can be said for co-conspirators McKinnon and Pluid, entrepreneurs in their own right, who were actively involved in the procurement, distribution and actual selling of the drugs involved in this case. In Mr. Pluid's case, weapons were also involved.

Information adduced over the course of the debriefing held in September also led counsel for Mr. RAINEY to believe a strong argument could be made to exclude certain quantities of cocaine possessed by Joshua Pluid (paragraphs 60 and 80 of the Offense Conduct portion of the Pre-Sentence Report), from the relevant conduct assessment for Mr. RAINEY. While the amount involved in these two transactions (a total of over 1300 grams of cocaine) was substantial, it would not have affected the overall base offense level of 36. It would have, however, brought the amount involved closer to the lower end of this base offense level.[1] In a number of ways, the debriefing that was ultimately conducted in this case, although given in an open and complete manner by Mr. RAINEY, did not result in a 5K1.1 motion by the

---

[1] Level 36 involves at least 10,000 kilograms but less than 30,000 kilograms of marijuana.

Government, at least not as of the drafting of this memorandum. Apparently, defendant Francisco Martinez, a/k/a "Money" remains at large and it is certainly too late to change the disposition in Alfredo Martinez's case. In many ways, the prediction set out in Mr. RAINEY's original sentencing memorandum regarding the nature and result of his belated debriefing has proven true. In the plea agreement, the defendant acknowledges, again and again, that a 5K1.1 motion is entirely in the discretion of the government except in the event that bad faith can be demonstrated. In other words, the defendant agrees to be debriefed knowing full well that it may not ultimately affect his sentence insofar as a substantial assistance motion is concerned. But when a defendant repeatedly, over a series of many months, requests the opportunity to be debriefed, to cooperate and to give information, not only about this series of events but others, and where the government could indeed have utilized information provided by the defendant that responded to the defendant's offers and proffers over those months, something approaching bad faith is shown.

Mr. RAINEY submits that the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) rendering the Sentencing Guidelines advisory rather than mandatory, together with the considerations set out in 18 U.S.C.§ 3553(a) permits the Court to fashion a sentence below the guideline range and that the foregoing circumstances concerning Mr. RAINEY's willingness to cooperate should warrant a departure below that range. In addition to this factor, the Court should also look at the disparity in sentences that will result if the Court follows the recommendation of the Probation Office in this matter as well as that anticipated suggested by the government.

The defendant has previously argued in his Sentencing Memorandum that he should not receive a 4 level increase as a "leader" of this conspiracy and that his criminal history category is overrepresented. Mr. RAINEY incorporates those arguments once again in this memorandum and recommends to the Court that, under the circumstances set out herein, an appropriate sentence for Mr. RAINEY is 131 months.

Respectfully submitted at Anchorage, Alaska this 2nd day of November, 2006.

>WILLIAM B. CAREY
>Attorney for the Defendant
>CARLOS L. RAINEY
>
>/s/ William B. Carey
>
>William B. Carey
>Alaska Bar No. 8212160
>Telephone:   (907) 272-4255
>Facsimile:   (907) 272-4256
>e-mail: bcarey@alaska.com

I hereby certify that on this 2nd day of November, 2006, a copy of the forgoing <u>Supplemental Sentencing Memorandum</u> was electronically served on the following:

Stephan Collins, AUSA
Pamela Shaw, Federal Probation Officer